IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: |
| | : | |
| v. | : | |
| | : | VIOLATION: |
| | : | |
| CHANCE BARROW, | : | 18 U.S.C. § 1001(a)(1) |
| | : | (Concealment of Material Facts) |
| | : | |
| Defendant. | : | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, William Coull, being first duly sworn, hereby depose and state as follows:

**PURPOSE OF AFFIDAVIT**

1.  This Affidavit is submitted in support of a Criminal Complaint charging CHANCE BARROW ("BARROW") with a violation of 18 U.S.C. § 1001(a)(1) (Concealment of Material Facts). I respectfully submit that this Affidavit establishes probable cause to believe that BARROW did knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device, material facts from the Treasury Inspector General for Tax Administration (TIGTA). Specifically, BARROW, while seeking employment from TIGTA, concealed that he was the subject of a criminal investigation being conducted by the Naval Criminal Investigative Service (NCIS), and, as a result, had resigned from his position as a special agent with the U.S. Army Criminal Investigative Command (Army-CID). I request that the Court issue an arrest warrant for BARROW, pursuant to Federal Rule of Criminal Procedure 4(a).

1

## BACKGROUND OF AFFIANT

2. I have been employed as a Special Agent for the Federal Government since 1989, and have been a special agent with TIGTA for the last 27 years; four years ago, I assumed the position of Senior Special Agent. I am assigned to TIGTA's Special Investigations Unit. As a federal law enforcement officer, I am authorized to investigate violations of laws of the United States and execute search and arrest warrants. During my employment with TIGTA, I have investigated hundreds of fraud and corruption offenses. I have training and experience in the enforcement of the laws of the United States, including the preparation and execution of search and arrest warrants. I have also completed TIGTA's Management Development Program, and have taught at the Federal Law Enforcement Training Center (FLETC) and The Inspector General Academy for the past 15 years.

3. Unless otherwise stated, the information in this Affidavit is either personally known to me, has been provided to me by other individuals, or is based on a review of various documents, records, and reports. In the course of the investigation, I have, among other things, interviewed witnesses and reviewed records. Because this Affidavit is submitted for the limited purpose of establishing probable cause to support an application for an arrest warrant, it does not contain every fact known by me or the United States. The dates listed in this Affidavit should be read as "on or about" dates.

## BACKGROUND OF INVESTIGATION

4. TIGTA is a federal law enforcement agency charged with investigating and preventing waste, fraud, and abuse within the Internal Revenue Service and related entities.

2

5.     BARROW is currently on administrative leave from his position as a special agent with TIGTA. BARROW applied for his position with TIGTA in May 2018, and was formally hired by TIGTA with a start date of on or about October 1, 2018.

*BARROW'S Employment and Security Clearance History*

6.     In 2008, shortly before assuming a position as an active duty Army intelligence analyst, BARROW completed Standard Form 86, the Questionnaire for National Security Positions, commonly referred to as an "SF-86." Following a background investigation, he was granted a National Security Clearance.

7.     In 2014, BARROW's National Security Clearance was renewed, following the submission of an updated SF-86 and a subsequent background investigation.

8.     In 2016, following his discharge from active duty military service, BARROW obtained employment as a civilian special agent with Army-CID.

9.     On or about March 6, 2018, Person A reported to the Naval Criminal Investigative Service (NCIS) that BARROW had sexually assaulted Person A on a Navy military base, where BARROW lived. NCIS, the federal law enforcement agency of the U.S. Department of the Navy, opened a criminal investigation into this conduct.

10.    Also on March 6, 2018, immediately after NCIS initiated the criminal investigation, Army-CID took steps to suspend BARROW's National Security Clearance, removed his access to all law enforcement systems, secured his weapon, badge, credentials, and all other law enforcement equipment, and placed him on administrative office duty.

11.    Shortly after he was made aware of the NCIS investigation, BARROW told his second-line Army-CID supervisor, Special Agent-in-Charge Ray PARK, about the sexual assault allegations. BARROW also expressed frustration with PARK for keeping BARROW on

3

administrative office duties and for suspending his National Security Clearance.

12. On April 27, 2018, BARROW resigned from Army-CID. Prior to his resignation, BARROW had been advised by Army-CID that he was facing termination and that his National Security Clearance was being suspended. The NCIS criminal investigation into BARROW'S conduct remained open and pending until August 2018; in or about September 2018, NCIS submitted to Army-CID a full copy of its report of investigation, which substantiated the sexual assault and abuse allegations.

## STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE

13. From on or about May 11, 2018, to on or about July 29, 2019, in the District of Columbia and elsewhere, BARROW did unlawfully, knowingly, and willfully falsify, conceal, and cover up by a trick, scheme, and device, material facts in the course of his application to and hiring by TIGTA, including that he previously resigned from a position with Army-CID prior to Army-CID's proposed termination of BARROW, and that BARROW did so following allegations of BARROW's misconduct that were the subject of a NCIS criminal investigation.

14. The purpose of BARROW's concealment scheme was to deprive TIGTA of material adverse information about BARROW's employment and security clearance history, so that TIGTA would hire BARROW despite the disqualifying information.

*BARROW'S TIGTA Application*

15. Between May 11, 2018, and May 24, 2018, TIGTA solicited and accepted applications for employment as a special agent via the USA Jobs website. BARROW submitted his application during this time period. In submitting the application, BARROW had a duty to disclose material information and not to willfully make misleading statements or omit material facts. As explained below, BARROW had a duty to accurately disclose the facts and

4

circumstances prompting his resignation from Army-CID and the status of his National Security Clearance.

16. In order to submit his application, USA Jobs required BARROW to certify that, to the best of his knowledge and belief, "all the information submitted by me with my application for employment is true, complete, and made in good faith…and that I understand that misrepresenting my experience or education, or providing false or fraudulent information in or with my application may be grounds for not hiring me…I also understand that false or fraudulent statements may be punishable by fine or imprisonment (18 U.S.C. §1001)."

17. The TIGTA application required BARROW to answer a series of questions related to his suitability for employment. In his application, BARROW gave false and misleading answers with regard to his federal service, which served to conceal the status of BARROW's employment, and the circumstances under which he had resigned from Army-CID, as follows:

    a. In response to Question 3, BARROW stated that he was not a current federal employee.

    b. In Question 4, BARROW was asked by what agency and organization he was currently employed. BARROW answered "not applicable."

    c. In response to Question 6, BARROW stated that he was currently employed by "Department of Defense – United States Army Criminal Investigations Command."

    d. In response to Question 7, BARROW stated that his duty station was Irvine, California, for his "current" federal position.

    e. In response to Question 8, BARROW stated that the type of federal employment he was "currently serving" was an appointment as a "career-conditioned Appointment,

5

competitive service."

18.     BARROW attached to his TIGTA application several supporting documents, including (a) a résumé, (b) an application for veterans' preference (known as a Standard Form 15, or "SF-15"), and (c) a Notification of Personnel Action (known as a Standard Form 50 or "SF-50"), dated January 7, 2018.  BARROW provided these documents in furtherance of his concealment effort, as follows:

   a. BARROW provided a résumé that falsely stated that BARROW held an active National Security Clearance.  By submitting the false résumé, BARROW further concealed that he had been advised that his clearance was being suspended.

   b. BARROW provided an outdated SF-50, which is used to verify federal civilian employment.  On April 27, 2018, Army-CID had generated an SF-50 for BARROW which states that BARROW has resigned from Army-CID.  The SF-50 BARROW chose to include with his TIGTA application, however, was dated January 7, 2018, and had been generated to reflect an executive order granting a pay raise.  By submitting the outdated SF-50 with his TIGTA application, BARROW further concealed from TIGTA the fact that he had resigned from Army-CID following allegations of misconduct.

   c. BARROW provided an SF-15, which is used to establish veteran status, that falsely stated that he was currently employed as an "1811" criminal investigator.  Based on my training and experience, I know that "1811" is a designation used by the federal government's Office of Personnel Management to identify special agent criminal investigators.  By submitting the false SF-15, BARROW further concealed from TIGTA the fact that he had resigned from Army-CID.

*Barrow's Pre-Employment Screening Interview*

19.  Based on his misleading application, and following an initial interview, BARROW was selected for a pre-employment screening interview. In participating in the interview, BARROW had a duty to provide material information and not to willfully make misleading statements or omit material facts.

20.  On July 6, 2018, following the interview, BARROW participated in a pre-employment screening interview with TIGTA by telephone. He was advised of his obligations to tell the truth and provide complete information. BARROW told the interviewer that he was not currently a federal employee, and that he was not leaving current employment because of allegations of misconduct or other unfavorable circumstances. BARROW concealed the fact that he had just resigned from Army-CID after being advised that Army-CID planned to terminate his employment.

*BARROW'S SF-86C*

21.  TIGTA special agents are required to hold a National Security Clearance. Accordingly, on July 6, 2018, following the pre-employment screening interview, BARROW was asked to fill out Standard Form-86C ("SF-86C"), which is used to update or certify answers from a prior SF-86, in this case BARROW's 2014 SF-86. In its instructions, the SF-86C explicitly notifies applicants of their duty to disclose material information by stating that under 18 U.S.C. § 1001, "knowingly falsifying or concealing a material fact is a felony."

22.  Question 13 of BARROW's SF-86C asked if there had been changes to BARROW's employment history since the completion of his 2014 SF-86.

   a. In response to Question 13C on his 2014 SF-86, BARROW had stated that he had never "quit a job after being told you'd be fired," or "left a job by mutual agreement

7

following charges or allegations of misconduct."

    b. In his 2018 SF-86C, BARROW updated his response to Question 13 by writing "I was employed as a Criminal Investigator with the Army Criminal Investigations Command, Major Procurement Unit from September 2016 – April 2018. My reference for this position was my Supervisor, Special Agent Person B…." Person B was not BARROW'S supervisor at the time he resigned from Army-CID and was BARROW'S close friend and confidante. BARROW thus concealed that he had left Army-CID following allegations of misconduct.

23.     Question 25 of BARROW's SF-86C asked if there had been changes to BARROW's investigations and clearance record since the completion of his 2014 SF-86.

    a. In his 2014 SF-86, BARROW stated that he had never had his National Security Clearance "denied, suspended, or revoked."

    b. In his 2018 SF-86C, BARROW answered "no" when asked if there had been any changes to his investigations and clearance record, thus concealing the fact that he was under criminal investigation, and that shortly after March 6, 2018, Army-CID's Special Agent in Charge had informed BARROW that his National Security Clearance was being suspended.

### CONCLUSIONS OF AFFIANT

24.     Based on my investigation, training and experience, I know that if BARROW had disclosed to TIGTA that he had resigned from Army-CID prior to a proposed termination, and was the subject of a pending criminal investigation for sexual assault and abuse, he would not have been deemed suitable for employment as a special agent with TIGTA.

25.     Based on my training and experience, and the information provided in this

8

Affidavit, your Affiant believes there is probable cause to believe that BARROW did knowingly and willfully falsify, conceal, and cover up by trick, scheme, and device, a material fact, that is, that he had resigned from Army-CID, and was the subject of a criminal investigation for sexual assault and abuse, while seeking employment from TIGTA in the District of Columbia and elsewhere, in violation of 18 U.S.C. § 1001(a)(1).

26. As such, I respectfully request that the court issue an arrest warrant for BARROW.

The statements above are true and accurate to the best of my knowledge and belief.

_____
William Coull
Senior Special Agent
TIGTA

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on March 26, 2020

_____
Robin M. Meriweather
United States Magistrate Judge